**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 16-cv-01227-RM

MICHAEL TODD SNYDER,

     Plaintiff,

v.

ANDREW SAUL, Commissioner of the Social Security Administration,

     Defendant.

---

## ORDER

    This matter is before the Court on Plaintiff's "Motion for Attorney's Fees under 42 U.S.C. §406(b) Pursuant to Fed. R. Civ. P. 60(b)(6)" (ECF No. 26). After successfully representing Plaintiff before this Court and, on remand, before the Commissioner, Plaintiff's counsel seeks an award of $24,000 for 20.8 hours spent representing Plaintiff before this Court. Upon consideration of the record, and being otherwise fully advised, the Court finds and orders as follows.

    "Congress… designed § 406(b) to control, not to displace, fee agreements between Social Security benefits claimants and their counsel" within the statutory ceiling. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002); 42 U.S.C. § 406(b)(1)(A) (setting forth 25% cap for representation before the court). Thus, "§ 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id*. at 809. In making a reasonableness determination, the Tenth Circuit directs courts to "consider such factors as: (1) the quality of the representation; (2) the results achieved; (3) any delay caused by the attorney that results in the accumulation of benefits during the pendency of the case in court; and (4) whether the benefits are large in comparison to the

time the attorney spent on the case." *Martinez v. Berryhill*, 699 F. App'x 775, 779 (10th Cir.

2017) (citing *Gisbrecht*, 535 U.S. at 808). And, if the Court considers a lodestar calculation, it

must consider "'the primacy of lawful attorney-client fee agreements.'" *Id.* (quoting *Gisbrecht*,

535 U.S. at 792-93).

Based on the past-due benefits award received by Plaintiff, and the fee agreement

between Plaintiff and his counsel allowing for a 25% contingent fee, the amount of fees yielded

is $40,502.50.[1] Plaintiff's counsel, however, requests fees of $24,000. To support counsel's

requested fees, counsel points to the following: counsel has more than 33 years representing

claimants on Social Security disability claims in administrative and court proceedings; counsel's

experience allowed her to decrease the number of hours expended on the case – a lesser

experienced attorney would have expended considerably more time on the matter; representing

claimants on a contingency basis involves a significant risk to an attorney; and the very favorable

outcome achieved for Plaintiff.  In addition to such facts, the Court also considers there is no

evidence that counsel provided substandard representation or unduly delayed the case. These

factors all support the requested fees.

Nonetheless, the Court must also examine whether the benefits are large in comparison to

the time the attorney spent on the case. Under a lodestar analysis, counsel would receive an

effective hourly rate of $1,154.[2] Counsel has not indicated what her normal hourly rate would be,

to aid the Court in evaluating the reasonableness of the fees request.[3] *See Gisbrecht*, 535 U.S. at

808 (noting a record of the hours spent representing the claimant and a statement of the lawyer's

normal hourly billing charge for noncontingent-fee cases may be used to aid the court's

---

[1] $162,010.00 (past-due benefits) x .25 = $40,502.40.
[2] $24,000/20.8 hours = $1,153.85.
[3] Presumably this is because counsel practices exclusively in the area of Social Security disability law, and only on a contingency basis.

assessment of the reasonableness of the fee yielded by the fee agreement). Regardless, the Court recognizes *Gisbrecht's* rejection of sole reliance on lodestar calculations. And, upon review of all relevant factors, the Court finds that – in this instance – the fees requested are reasonable.

First, a much larger fee was agreed upon under the contingent fee agreement but counsel reduced the fees request significantly. Second, Plaintiff agrees to the reduced fees requested. Third, the Court has considered the legal services performed in this case and agrees the time expended is very reasonable and that a lesser experienced lawyer would likely have expended more time on the matter.[4] Thus, under the facts and circumstances of this case, the Court finds the fees request is reasonable.

Therefore, based on the foregoing, it is **ORDERED**

(1) That the "Motion for Attorney's Fees under 42 U.S.C. §406(b) Pursuant to Fed. R. Civ. P. 60(b)(6)" (ECF No. 26) is GRANTED in the amount of $24,000; and

(1) That because fees were previously awarded under the EAJA, counsel shall refund the lesser of the two to Plaintiff under *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002).

DATED this 23rd day of April, 2020.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

---

[4] Even though Plaintiff did not prevail on a number of his arguments.